OPINION
{¶ 1} Plaintiffs-appellants Virginia LeFever and Heather Reynolds appeal the January 11, 2006 Judgment Entry entered by the Licking County Court of Common Pleas, which granted the Motion for Summary Judgment, and Motion to Dismiss for Lack of Standing filed by defendants-appellees Licking County Coroner's Office, et al.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On November 30, 1988, the Licking County Grand Jury indicted LeFever on one count of aggravated murder, in violation of R.C. 2903.01(A) and (D), in connection with the death of her husband, William LeFever. The Licking County Coroner listed the immediate cause of death as acute amitriptyline and nortriptyline poisoning. The coroner listed "other significant conditions" as "Acute poisoning by sulfur oxide, arsenic and strychnine. Chronic poisoning by arsenic." The Coroner concluded the death was a homicide. Following a bench trial, LeFever was convicted of aggravated murder and sentenced to life in prison. LeFever filed a timely appeal. This Court affirmed her conviction in State v.LeFever (Nov. 18, 1991), Licking App. No. CA-3535, unreported. LeFever subsequently filed a memorandum in support of jurisdiction in the Ohio Supreme Court, which refused to hear her case. LeFever then sought relief in Federal District Court and the United States Court of Appeals for the Sixth Circuit. The United States Supreme Court denied certiorari on November 27, 2000.
 {¶ 3} On March 31, 2005, LeFever and Reynolds, LeFever's daughter and decedent's step-daughter, filed a Complaint pursuant to R.C. 313.19 in the Licking County Court of Common Pleas, seeking to have decedent's death certificate changed to indicate his death resulted from acute and chronic arsenic poisoning. The Complaint named the Franklin County Coroner's Office; Dr. Patrick Fardal, the Franklin County Coroner; the Licking County Coroner's Office; and Dr. Robert P. Raker, the Licking County Coroner, as defendants. The Franklin County Coroner's Office and Dr. Fardal were ultimately dismissed from the action via Memorandum of Decision filed August 23, 2005. On October 10, 2005, appellees filed a Motion for Summary Judgment, and a Motion to Dismiss for Lack of Standing. Appellants filed memorandam in opposition thereto on November 18, 2005. Via Judgment Entry filed January 11, 2006, the trial court granted appellees' Motion for Summary Judgment and Motion to Dismiss.
 {¶ 4} It is from this judgment entry appellants appeal, raising the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WITHOUT FIRST CONDUCTING A HEARING CONTRARY TO R.C. 313.19. SAID ERROR DEPRIVED APPELLANTS OF DUE PROCESS OF LAW PURSUANT TO THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 6} "II. THE TRIAL COURT ERRED IN FINDING APPELLANT'S LAWSUIT WAS BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL BECAUSE NEITHER THE CLAIM NOR THE ISSUES WERE DECIDED IN A FORMER PROCEEDING.
 {¶ 7} "III. THE TRIAL COURT ERRED IN GRANTING APELLEES' [SIC] MOTION FOR SUMMARY JUDGMENT WHEN THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS TO THE CAUSE OF WILLIAM LEFEVER'S DEATH.
 {¶ 8} "IV. TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS FOR LACK OF STANDING WHEN APPELLANT HEATHER REYNOLDS IS A REAL PARTY IN INTEREST."
 STANDARD OF REVIEW {¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 10} Civ. R. 56(C) states, in pertinent part:
 {¶ 11} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 12} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 13} It is based upon this standard we review appellants' assignments of error.
 I, II {¶ 14} Because appellants' first and second assignments of error require similar analysis, we shall address said assignments together. In the first assignment of error, appellants contend the trial court erred in granting summary judgment in favor of appellees without conducting a hearing pursuant to R.C. 313.19. In the second assignment of error, appellants submit the trial court erred in finding the action barred by the doctrine at res judicata.
 {¶ 15} R.C. 313.19 provides:
 {¶ 16} "The cause of death and the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and in the death certificate filed with the division of vital statistics, shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death, unless the court of common pleas of the county in which the death occurred,after a hearing, directs the coroner to change his decision as to such cause and manner and mode of death." (Emphasis added).
 {¶ 17} R.C. 313.19 prescribes the presumptive value to be accorded a coroner's verdict. Vargo v. Travelers Ins. Co. (1987), 34 Ohio St.3d 27, para. one of syllabus. It also outlines a special statutory procedure allowing judicial review of a coroner's verdict. Jurisdiction and venue in an R.C. 313.19 action are exclusively vested in the common pleas court of the county in which the death occurred. Further, R.C. 313.19
mandates a hearing on the challenge and empowers the court to direct the coroner to change his verdict. Perez v. Cleveland, 78 Ohio St.3d 376,377, 1997-Ohio-33.
 {¶ 18} The trial court granted appellees' motion for summary judgment, finding the action barred by the doctrine of res judicata. Specifically, the trial court found "the issue in the criminal cases, to a great extent, was that there was new evidence to prove that the Decedent did not die of the cause that the Coroner's office had decided." The trial court also found the parties in the criminal matter are in privity with the parties in the instant action, and the fact one action was criminal and another is civil did not prevent the application of the doctrine of res judicata.
 {¶ 19} R.C. 313.19 does not place any limitation on what may be contested or the purpose for which a change is desired. The statute is a separate, special statutory civil proceeding. We find the trial court improperly granted summary judgment on the basis of res judicata as the trial court was merely speculating as to appellants' intended use of a changed coroner's verdict. Appellants' speculated use of a successful change to the coroner's verdict in a criminal action is merely that — speculation — and, as such, is not grounds for dismissal on the basis of res judicata.
 {¶ 20} Appellants' first and second assignments of error are sustained.
 III {¶ 21} In the third assignment of error appellants maintain the trial court erred in granting summary judgment in favor of appellees as a genuine issue of material fact exists as to the cause of death of decedent.
 {¶ 22} The trial court did not determine summary judgment on this basis. Based upon our disposition of appellants' first and second assignments of error, we find this assignment of error to be premature.
 IV {¶ 23} In the final assignment of error, appellants contend the trial court erred in finding appellant Heather Reynolds lacked standing to bring the action.
 {¶ 24} R.C. 313.19 does not limit who may initiate judicial review of a coroner's verdict. As the stepdaughter of the decedent, we find appellant Heather Reynolds is a real party in interest, and the trial court erred in dismissing her from the action.
 {¶ 25} Appellants' fourth assignment of error is sustained.
 {¶ 26} The judgment of the Licking County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
By: Hoffman, P.J.
Farmer, J. concur,
Edwards, J. concurs in part and dissents in part.